UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER )<br>1718 Connecticut Ave., N.W. )<br>Suite 200 )<br>Washington, DC 20009 )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>THE UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY )<br>Washington, D.C. 20528 )<br> )<br>Defendant. )<br> ) | Civil Action No._____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.    This is an action under the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552 (2009), for injunctive and other appropriate relief, seeking the release of agency

records requested by the Electronic Privacy Information Center from the United States

Department of Homeland Security.

### Jurisdiction and Venue

2.    This Court has subject matter jurisdiction over this action and personal jurisdiction

over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) (2009) and 5 U.S.C. § 552(a)(6)(C)(i) (2009).

This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2009).  Venue is

proper in this district under 5 U.S.C. § 552(a)(4)(B) (2009).

1

## Parties

3.      Plaintiff Electronic Privacy Information Center ("EPIC") is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC's activities include the review of federal activities and policies to determine their possible impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains a heavily visited Internet site, http://www.epic.org, which contains extensive information regarding privacy issues, including information EPIC has obtained from federal agencies under the FOIA. EPIC routinely and systematically disseminates information to the public. This Court recognized EPIC's role as a representative of the news media in *EPIC v. Dep't of Defense*, 241 F. Supp. 2d. 5 (D.D.C. 2003).

4.      Defendant United States Department of Homeland Security ("DHS") is an agency established in the Executive Branch of the United States Government. DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1) (2007). DHS includes a component called the Transportation Security Administration ("TSA").

## Facts

## DHS is Implementing Whole Body Imaging Technology, And Has Stated Its Intention to Use the Technology as Primary Screening for Air Travelers

5.      In February 2007, TSA, a DHS component, began testing passenger imaging technology – called "whole body imaging" – to screen air travelers.

6.      Whole body imaging machines produce detailed, three-dimensional images of individuals.

7.      TSA is testing whole body imaging systems at airport security checkpoints, screening passengers before they board flights.

8.      TSA has provided various assurances regarding its use of whole body imaging.

9.     TSA has stated that whole body imaging would not be mandatory for passengers and that images produced by the machines would not be stored, transmitted, or printed.

10.    TSA has also stated that an algorithm will be applied to the image to mask the face of each passenger.

11.    On April 27, 2007, TSA removed from its website assurances that its whole body imaging technology would "incorporate a privacy algorithm" that will "eliminate much of the detail shown in the images of the individual while still being effective from a security standpoint."

12.    On February 18, 2009, TSA announced that it would require passengers at six airports to submit to whole body imaging in place of the standard metal detector search, which contravenes its earlier statements that whole body imaging would not be mandatory.

13.    On April 6, 2009, TSA announced its plans to expand the mandatory use of whole body imaging to all airports.

14.    On June 4, 2009, the U.S. House of Representatives passed HR 2200, a bill that would limit the use of whole body imaging systems in airports. The bill prevents use of whole body imaging technology for primary screening purposes.

15.    HR 2200 was referred to the Senate for consideration on June 8, 2009. The legislation was referred to the Senate Committee on Commerce, Science, and Transportation. It remains pending through the date of this pleading.

### EPIC Submitted FOIA Requests to DHS Regarding Whole Body Imaging

16.    On April 14, 2009, EPIC transmitted, via certified mail, a written FOIA request to DHS for agency records. EPIC requested the following agency records:

> a.   all documents concerning the capability of passenger imaging technology to obscure, degrade, store, transmit, reproduce, retain, or delete images of individuals;

3

b.   all contracts that include provisions concerning the capability of passenger imaging technology to obscure, degrade, store, transmit, reproduce, retain, or delete images of individuals; and

c.   all instructions, policies, and/or procedures concerning the capability of passenger imaging technology to obscure, degrade, store, transmit, reproduce, retain, or delete images of individuals.

17.   EPIC also asked DHS to expedite its responses to EPIC's April 14, 2009 FOIA request ("EPIC's FOIA Request") on the bases that it pertains to a matter about which there is an urgency to inform the public about an actual or alleged federal government activity, and was made by a person primarily engaged in disseminating information. EPIC made this request pursuant to 5 U.S.C. § 552(a)(6)(E) (2007). Petitioner based the request on the public's and press's interest in whole body imaging and privacy protections.

18.   EPIC also requested "News Media" fee status under the Freedom of Information Act, based on its status as a "representative of the news media."

19.   EPIC further requested waiver of all duplication fees.

20.   Disclosure of the information requested in EPIC's FOIA Request will contribute significantly to public understanding of the operations and activities of the government.

## DHS Failed to Make a Determination Regarding EPIC's FOIA Request and Failed to Produce Any Documents

21.   DHS transmitted letters to EPIC dated April 29, 2009 ("DHS Letter 1") and May 4, 2009 ("DHS Letter 2").

22.   The DHS Letter 1 acknowledged DHS's receipt of EPIC's FOIA Request and informed EPIC that it had referred the matter to its component, TSA.

23.   The DHS Letter 2, from TSA, acknowledged receipt of EPIC's FOIA Request, denied EPIC's request for expedited processing, but made no determination regarding the substance

4

of EPIC's FOIA Request or its "News Media" status.

24.     DHS and its component, TSA, failed to produce any documents in response to

EPIC's FOIA Request.

## EPIC Filed an Administrative Appeal with DHS

25.     On July 30, 2009, more than twenty working days after DHS received EPIC's FOIA

Request, EPIC transmitted a written administrative appeal to DHS ("EPIC's Administrative

Appeal").

26.     EPIC's Administrative Appeal appealed DHS's failure to make a determination

regarding EPIC's FOIA Requests.

27.     EPIC's Administrative Appeal also reiterated EPIC's request for "News Media" fee

status.

## DHS Failed to Respond to EPIC's Administrative Appeal and Failed to Produce Any Documents

28.     Through the date of this pleading, which is filed more than twenty working days

after DHS received EPIC's Administrative Appeal, DHS has neither made a determination

regarding EPIC's FOIA Request, nor responded to EPIC's Administrative Appeal.

29.     Through the date of this pleading, DHS has failed to produce any documents in

response to EPIC's FOIA Request.

30.     Through the date of this pleading, DHS has failed to state which documents, if

any, it intends to produce in response to EPIC's FOIA Request and EPIC's Administrative

Appeal.

## Count I
## Violation of the FOIA: Failure to Comply With Statutory Deadlines

31.     Paragraphs 1-28 above are hereby incorporated by reference as if set forth fully

herein.

32.    DHS's response to EPIC's FOIA Request violated the statutory deadlines

imposed by the FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) (2009).

33.    EPIC has exhausted the applicable administrative remedies with respect to EPIC's

FOIA Request.

34.    DHS has wrongly withheld responsive agency records from EPIC.

35.    EPIC is entitled to injunctive relief compelling the release and disclosure of the

requested agency records.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A.    order defendant to make a complete determination regarding EPIC's FOIA Request
      within five working days of the date of the Court's Order in this matter;

B.    order defendant to produce all responsive agency records within ten working days of the
      Court's Order in this matter;

C.    order defendant to recognize EPIC's "news media" fee status for the purpose of EPIC's
      FOIA Request, waive all duplication fees, and disclose all responsive agency records
      without charge;

D.    award plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to
      5 U.S.C. § 552(a)(4)(E) (2009); and

E.    grant such other relief as the Court may deem just and proper.

Respectfully submitted,

By:

John Verdi, Esquire (DC Bar # 495764)
Marc Rotenberg, Esquire (DC Bar # 422825)
ELECTRONIC PRIVACY INFORMATION
CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: November 5, 2009