**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09cv2084 (RMU) |
| | ) | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR EXTENSION OF TIME TO**
**ANSWER OR OTHERWISE RESPOND TO COMPLAINT, AND IN SUPPORT OF**
**DEFENDANT'S NOTICE IN OPPOSITION TO ENTRY OF DEFAULT**

Defendant United States Department of Homeland Security ("DHS"), through

undersigned counsel, respectfully submits the following in further support of its Motion for

Extension of Time to Answer or Otherwise Respond to Complaint, and Notice in Opposition to

Entry of Default.[1]

The arguments in Plaintiff's opposition brief fail to overcome the strong presumption

against defaults and default judgments, both in general and particularly against the federal

government.  A court has discretion to refuse to enter a default, and the circumstances of this

case warrant the use of such discretion.  As Defendant represented in its motion, Defendant's

failure to respond to the Complaint prior to this time resulted from a good-faith belief by

Defendant and counsel that the United States Attorney for the District of Columbia had not been

---

[1]Contemporaneously with this Reply, Defendant intends to file its Answer.  Defendant recognizes that the Answer is the subject of the instant motion and respectfully requests that the Court accept the Answer *nonc pro tunc*.

served with the Complaint.  Moreover, the evidence filed by Plaintiff in support of its affidavit for default shows that its purported service on the United States attorney was defective.  Plaintiff will suffer no prejudice from granting Defendant a short amount of additional time, particularly given that Defendant will be filing its Answer today and is in the process of responding to Plaintiff's underlying FOIA request.  Finally, the case should be adjudicated on its merits to ensure that the Court can properly address any disputed issues that arise pursuant to Defendant's response to Plaintiff's request, such as the sufficiency of a response and the propriety of any asserted exemptions.

## I. Defendant Has Not Violated Local Civil Rule 7(g)

Plaintiff erroneously argues that Defendant has violated Local Civ. R. 7(g) by failing to attach a Verified Answer to its motion.  The rule in question requires a Verified Answer to accompany "a motion to vacate an entry of default, or a judgment by default, or both[.]"  Neither a default nor a default judgment has been entered in this action; accordingly, Defendant's motion does not fit into either of the above categories.

## II. The Court Has the Authority to Grant an Extension of Time

Plaintiff next argues that the Court lacks the authority to grant Defendant's motion, citing Fed. R. Civ. P. 55(a).  Such an argument is similarly misguided.  *See Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002) (denying request for entry of default, holding that "[w]hile a default pursuant to Rule 55(a) may be entered against any party who fails to respond as stipulated by the Federal Rules of Civil Procedure, '[o]f course, the court has discretion to grant additional time to a party to plead or otherwise defend.'"), quoting 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2682 (3d. ed. 1995).  Rule 55(a) states that "[w]hen a party against whom a

judgment for affirmative relief is sought has failed to plead *or otherwise defend* as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).  Here, Defendant has filed a Notice of Appearance, a Motion, and a Reply, and will soon be filing an Answer.  It can hardly be said that Defendant is failing "to plead or otherwise defend."  Defendant has indicated its intention to defend its interests in this action, and the Court should accordingly exercise its discretion and grant Defendant's motion for additional time, rather than entering a default.  *See Biton v. Palestinian Interim Self Gov't Auth.*, 233 F. Supp. 2d 31, 33 (D.D.C. 2002) ("resolving litigation by default is disfavored because of 'the strong policies favoring the resolution of genuine disputes on their merits . . .'" (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980))).

### III. Defaults and Default Judgments Against the Federal Government are Strongly Disfavored, and Courts Typically Do Not Enter Defaults Against the United States

A court's use of its discretion to refuse to enter a default is particularly warranted when the defendant is the federal government or one of its agencies or officers.  "[W]hen the [federal] government's default is due to a failure to plead . . . *the court typically will refuse to enter a default* or, if a default is entered, it will be set aside."  Wright et al., § 2702 (emphasis added), quoted in *Means v. Reich*, No. 98-5182, 98-5241, 1998 WL 796417, at *1 (D.C. Cir. Oct. 16, 1998); *see also ABI Inv. Group v. FDIC*, 860 F. Supp. 911, 915 (D.N.H 1994) (finding that "entry of default is not appropriate for [the FDIC's] failure to file a timely response"); *Tereshchuk v. Bureau of Prisons*, No. 06-1031, 2007 WL 474179, at *1 (D.D.C. Feb. 9, 2007) (declining to enter a default in a FOIA case where the government did not file an answer or responsive pleading 30 days after service, but filed motions for extension of time); *Single Stick,*

*Inc. v. Johanns*, No. 06-1077 (D.D.C. Aug. 26, 2006) (Minute Order granting federal government defendant's motion for extension of time to file answer after plaintiff had filed affidavit for default).

Notwithstanding the clear authority that strongly disfavors defaults and default judgments against the federal government, Plaintiff argues that the Court should not even consider the effects of Fed. R. Civ. P. 55(d), which states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Instead, Plaintiff implies that the Court should enter a default and leave any implications of Rule 55(d) to be considered at later stage, either on a motion to vacate a default, or a motion for default judgment. Such a course of action would subject the Court to needless further rounds of virtually identical briefing and would be unwarranted. *See Brown v. Weschler*, 135 F. Supp. 622, 624 (D.D.C. 1955) ("The Court will not go through formal entry of default in a case when it is apparent that in the exercise of its discretion the default will be set aside on motion.").

## IV. Any Failure by Defendants to Timely Respond Was Unintentional

Here, there is considerable good cause for the Court to exercise its sound discretion and grant the requested extension of time. As detailed in Defendant's opening brief, that Defendant had not responded to the Complaint until this point was due to a legitimate, good-faith belief, based on representations from the United States Attorney's Office in the District Columbia, that the United States Attorney had not yet been served and that, accordingly, no response was yet due. *See* Fed. R. Civ. P. 12(a)(2) (federal government's answer is due 60 days after service on the United States Attorney), *as modified by* 5 U.S.C. § 552(a)(4)(C) (shortening a defendant's

- 4 -

response period in Freedom of Information Act lawsuits to 30 days "unless the court otherwise directs for good cause shown"). Although, as undersigned counsel recently learned, the United State Attorney's Office does have a record of receipt of a piece of certified mail matching the receipt filed by Plaintiff,[2] there is no record of service of the Complaint in the office's service book. Accordingly, even assuming that service was properly effectuated, Defendant's failure to respond resulted from what at most was an administrative error, and neither Defendant nor counsel had reason to believe a response was due until Plaintiff filed its affidavit for default.

## V. Plaintiff's Service of the Complaint Was Defective

Moreover, although Plaintiff asserts that "EPIC properly served this lawsuit," the affidavit and certified mail receipt filed by Plaintiff (Doc. No. 7) show that Plaintiff's service of process on the United States attorney was, in fact, defective. As reflected in the affidavit and receipt, Plaintiff mailed a copy of the Complaint addressed to the United States Attorney via certified mail. Because Plaintiff chose this method of service, it was required to mail a copy of the Complaint and summons "*to the civil-process clerk* at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(ii) (emphasis added). Plaintiff's attempt at service, in which it addressed the Complaint simpl y to the United States Attorney (Doc. No. 7 at 1; Doc. No. 7-1 at 2), did not comply with this provision and was accordingly defective. *See Guthery v. United States*, 507 F. Supp. 2d 111, 115 (D.D.C. 2007) (finding service by certified mail on United

---

[2]On January 14 and 15, 2010, undersigned counsel learned that the U.S. Attorney's Office found for the first time, in its mail receipt log for November 12, 2010, a certified mail receipt number that matched the receipt submitted by Plaintiff (Doc. No. 7-1 at 2), and an annotation in that log with the civil action number of this case. At the time of this filing, it is unclear what circumstances might have contributed to the presence of the receipt number in that log but the absence of any record of service of the Complaint, although Defendant notes that, as explained in Sec. V, the mail sent by Plaintiff was not addressed to the civil process clerk as required.

States attorney defective for failure to address mail to civil process clerk); *Rushing v. Leavitt*, No. Civ.A.03-1969, 2005 WL 555415, at *12 (D.D.C. 2005) (same).  Accordingly, Plaintiff has not properly served process on Defendant, and for this reason alone, a default should not enter. *See Guthery*, 507 F. Supp. 2d at 111 ("The Court will not pick and choose which service requirements to enforce as to which parties.").

## VI. Plaintiff Will Not Be Substantially Prejudiced if Defendant's Motion is Granted

Contrary to Plaintiff's assertions, the brief extension of time requested will not cause Plaintiff "substantial prejudice."  As shown in the exhibits to Plaintiff's opposition, TSA is responding to Plaintiff's FOIA request; it produced an interim set of documents on December 1, 2009 and is in the process of preparing an additional production.  In addition, the extent of any prejudice from a ten-day extension is mitigated in that Defendant intends to file its Answer today, which it respectfully requests that the Court accept *nonc pro tunc*.

## VII. This Case Should Be Decided on its Merits

Finally, Plaintiff suggests that this case must move to a default posture because Defendant would not be able to defend the case on its merits, given that Defendant did not make a complete determination regarding Plaintiff's initial FOIA request within the statutory time period.  (Pl.'s Br. at 3-4.)  Defendant concedes that it had not produced any documents to Plaintiff as of the date Plaintiff filed this action.  *See* Answer ¶ 29.  However, as the Court and Plaintiff are well aware, the issues a Court typically decides in a FOIA case go well beyond the timeliness of a response, and include the reasonableness of a search, the responsiveness of a document production, and the applicability of statutory exemptions and privileges - issues which are appropriate for disposition at summary judgment.  *See, e.g., James Madison Project v. C.I.A.*,

607 F. Supp. 2d 109 D.D.C. 2009 (Urbina, J.) (addressing these issues in response to a summary

judgment motion).  Defendant respectfully submits that the entry of default in this case would

unnecessarily burden both the parties and the Court by placing the case in an uncertain

procedural posture, and would require further briefing that would not address what both parties

would agree is the key matter at issue in this litigation, namely, the provision of certain

documents by Defendant to Plaintiff pursuant to FOIA.  Rather, this case should be allowed to

continue on the normal course, so that the parties' actual disputes can be properly addressed and

resolved on their merits.

*   *   *

For the foregoing reasons, and for those set forth in Defendant's opening brief, DHS

respectfully requests that its Motion for Extension of Time to Answer or Otherwise Respond to

Complaint, and Notice in Opposition to Entry of Default be granted.


Date: January 15, 2010                    Respectfully submitted,

                                          TONY WEST
                                          Assistant Attorney General

                                          CHANNING D. PHILLIPS
                                          Acting United States Attorney for the
                                          District of Columbia

                                          ELIZABETH J. SHAPIRO
                                          Deputy Branch Director

                                           /s/ Jesse Z. Grauman
                                          JESSE Z. GRAUMAN (Va. Bar No. 76782)
                                          U.S. Department of Justice
                                          Civil Division, Federal Programs Branch

                                          Mailing Address:

Post Office Box 883
Washington, D.C.  20044

<u>Courier Address:</u>
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Telephone:        (202) 514-2849
Fax:              (202) 616-8460
Email:            jesse.z.grauman@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2010, I electronically filed this Reply in Support of

Defendant's Motion for Extension of Time to Answer or Otherwise Respond to Complaint, and

in Support of Defendant's Notice in Opposition to Entry of Default through the Court's CM/ECF

system, which will send notification of such filing to the following individuals:

John Arthur Verdi
Electronic Privacy Information Center
1718 Connecticut Avenue, NW
Washington, DC  20009
(202) 483-1140
Email: verdi@epic.org

Marc Rotenberg
Electronic Privacy Information Center
1718 Connecticut Avenue, NW, Suite 200
Washington, DC 20009
(202) 483-1140
Email: rotenberg@epic.org

    /s/ Jesse Z. Grauman
    Jesse Z. Grauman
    Trial Attorney