# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
ELECTRONIC PRIVACY INFORMATION CENTER )
)
        Plaintiff,                     )
)
        v.                         )   Case No. 1:09-cv-02084 (RMU)
)
THE UNITED STATES DEPARTMENT OF )
HOMELAND SECURITY, )
)
        Defendant.          )
_____ )

## DEFENDANT'S ANSWER

Defendant Department of Homeland Security ("DHS") hereby answers Plaintiff's

Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to effect sufficient service of process.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Defendant.

In response to the numbered paragraphs of the Complaint, Defendant states as follows:

1.  This paragraph contains a characterization of Plaintiff's Complaint, which speaks for

itself, and to which no response is required.  To the extent a response is required, Defendant

admits that Plaintiff is suing Defendant under the Freedom of Information Act ("FOIA"), but denies that Defendant is liable to Plaintiff.

## Jurisdiction and Venue

2.  This paragraph contains plaintiff's allegations concerning jurisdiction and venue, which are conclusions of law, and to which no response is required.

## Parties

3.  The first four sentences of this paragraph contain Plaintiff's characterizations of itself, its purpose, and its activities, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  The fifth sentence in this paragraph is Plaintiff's characterization of this Court's findings in an unrelated case involving the Plaintiff; those findings speak for themselves and Defendant respectfully refers the Court to the cited opinion for a complete and accurate statement of its contents.

4.  Admit.

## Facts

5.  Admit that TSA, a DHS component, announced in 2007 that it was going to begin testing "backscatter technology."

6.  Admit that whole-body imaging machines can be calibrated to produce three-dimensional images of individuals.  The term "detailed" is vague and is Plaintiff's characterization of the images produced by these machines, to which no response is required.

7.  Admit that TSA screens passengers before they board flights and that it deploys whole-body imaging systems at some airports.

8.  Admit.

9. Admit.

10. Admit.

11. Admit only to the extent that TSA continuously updates its website, and that TSA's current imaging technology web page states that millimeter wave technology blurs all facial features and states that backscatter has an algorithm applied to the entire image that will further protect passenger privacy.

12. Deny.

13. Deny.

14. Admit only that the House of Representatives passed H.R. 2200 on June 4, 2009. The remainder of this paragraph contains Plaintiff's characterizations of H.R. 2200, to which a response is not required.  To the extent that a response is required, Defendants respectfully refer the Court to the text of H.R. 2200, which speaks for itself.

15. This paragraph contains Plaintiff's characterizations of the status of H.R. 2200, to which a response is not required.  To the extent a response is required, Defendant respectfully refers the Court to http://thomas.loc.gov for a complete and accurate representation of the status of the legislation.

16. Admit.

17. As to the first sentence of this paragraph, admit that EPIC requested expedited processing of its FOIA request.  Admit that EPIC asserted, in its letter of April 14, 2009, that the request pertained "to a matter about which there is an 'urgency to inform the public about an actual or alleged federal government activity.'"  Admit that EPIC asserted in its letter that its request was being made by "a person primarily engaged in disseminating information."  To the extent that EPIC alleges that its request "pertains to a matter about which there is an urgency to

inform the public about an actual or alleged federal government activity," this is a characterization of EPIC's views of its request to which no response is required. To the extent that a response is required, deny. To the extent that EPIC alleges that it is "a person primarily engaged in disseminating information," Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

As to the second sentence of this paragraph, admit that EPIC cited, as the basis for its expedited request, 5 U.S.C. § 552(a)(6)(E)(v)(II) (2008). To the extent that EPIC alleges that its request met the criteria for expedited processing under 5 U.S.C. § 552(a)(6)(E), such an allegation is a conclusion of law to which no response is required.

As to the third sentence of this paragraph, admit only that EPIC, in its letter, asserted that "[t]he TSA's use of whole body imaging is a matter of great public interest," and that "[m]any news outlets . . . have published substantial coverage concerning the topic." In other respects, the sentence is Plaintiff's characterization of its beliefs, to which no response is required.

18. Admit that EPIC, in its letter of April 14, 2009, requested "News Media" fee status. To the extent that EPIC alleges that it is a "representative of the news media," such an allegation is a legal conclusion to which no response is required.

19. Admit.

20. This paragraph contains Plaintiff's characterizations of the potential effects of the disclosure of the information specified in Plaintiff's FOIA requests; accordingly, no response is required to these characterizations. To the extent a response is required, deny.

21. Admit that DHS transmitted to Plaintiff a letter dated April 29, 2009, and that TSA, a component of DHS, transmitted to Plaintiff a letter dated May 4, 2009.

22.  Admit that DHS's letter of April 29, 2009 acknowledged DHS's receipt of EPIC's FOIA request and indicated that DHS would refer the matter to TSA.  Deny that this letter indicated that DHS had already referred the matter to TSA.

23.  Admit.  Defendant further avers that TSA's May 4, 2009 letter to EPIC apprised EPIC of its right to appeal the denial of expedited processing, and set forth the specific appeal procedures, which required that any administrative appeals be directed to Kimberly Walton, Special Counselor at the Office of the Special Counselor at TSA.

24.  Admit that, as of the date this action was filed, DHS and TSA had failed to produce any documents in response to Plaintiff's request.  Defendant avers, however, that on December 1, 2009, TSA produced a partial response to the FOIA request and has informed Plaintiff that another response is forthcoming.

25.  Admit to the extent that on July 30, 2009, Plaintiff submitted a letter titled "Freedom of Information Act Appeal (TSA09-0510) to DHS, and not to TSA as required by the appeal procedures set forth in TSA's May 4, 2009 letter.  To the extent that Plaintiff alleges that its submission constituted an administrative appeal under FOIA, such an allegation is a conclusion of law to which a response is not required.  To the extent a response is required, deny.

26.  Admit to the extent that Plaintiff's letter of July 30, 2009 stated that "EPIC hereby appeals the TSA's failure to make a timely determination regarding EPIC's FOIA Request."  To the extent that Plaintiff is alleging that its letter constituted an administrative appeal under FOIA, such an allegation is a conclusion of law to which a response is not required.  To the extent a response is required, deny.

27.  Admit to the extent that in Plaintiff's letter of July 30, 2009, Plaintiff stated that it "renew[ed] its request for 'news media' fee status."  To the extent that Plaintiff alleges that its

letter constituted an administrative appeal under FOIA, such an allegation is a conclusion of law to which a response is not required.  To the extent a response is required, deny.

28.  Admit that, as of the date this action was filed, Defendant had neither made a written determination regarding EPIC's FOIA request for documents, nor responded to EPIC's letter of July 30, 2009, which EPIC characterized as an appeal.  To the extent that Plaintiff is alleging that its letter constituted an administrative appeal under FOIA, such an allegation is a conclusion of law to which a response is not required.  To the extent a response is required, deny.  Defendant further avers that on or about April 30, 2009, and on May 4, 2009, TSA's FOIA Officer, Kevin Janet, spoke with Mr. John Verdi of EPIC to indicate TSA's intent to respond to the FOIA request and to discuss narrowing the scope of the request.

29.  Admit that, as of the date this action was filed, DHS had failed to produce any documents in response to Plaintiff's FOIA request.  However, Defendant avers that since that date, via letter dated December 1, 2009, defendant produced a partial response to plaintiff's FOIA request, and has indicated to Plaintiff that a further response is forthcoming.

30.  Deny.

31.  This paragraph realleges and incorporates all preceding paragraphs. To the extent a response is required, Defendant refers the Court to its responses to specific preceding paragraphs.

32.  This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, deny.

33.  This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, deny.

34.  This paragraph contains legal conclusions to which no response is required.  To the

extent a response is required, deny.

35.  This paragraph contains legal conclusions and sets forth plaintiff's prayer for injunctive relief to which no response is required.  To the extent a response is required, deny.

Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation of the Complaint.  Defendant further denies that Plaintiff is entitled to any relief whatsoever.

The remainder of the Complaint is a prayer for relief to which no response is required.  If a response is required, defendant denies that plaintiff is entitled to the relief requested or to any relief at all.

<u>**Requested Relief**</u>

WHEREFORE, having fully answered the Complaint, defendant prays that the Court:

1. Deny Plaintiff's request to order Defendants to make a complete determination regarding EPIC's FOIA Request within five working days of the date of the Court's Order in this matter;

2. Deny Plaintiff's request to order Defendants to produce all responsive agency records within 10 working days of the Court's Order in this matter;

3. Deny Plaintiff's request to order Defendants to recognize EPIC's "news media" fee status for the purpose of EPIC's FOIA Request, waive all duplication fees, and disclose all responsive agency records without charge;

4. Deny Plaintiff's request for an award of costs and reasonable attorneys' fees incurred in this action;

5. Deny all other relief sought by Plaintiff;

6. Enter judgment dismissing the Complaint with prejudice; and

7. Award Defendant such relief as the Court may deem appropriate.


Date: January 15, 2010                              Respectfully submitted,

                                                    TONY WEST
                                                    Assistant Attorney General

                                                    CHANNING D. PHILLIPS
                                                    Acting United States Attorney for
                                                    the District of Columbia

                                                    ELIZABETH J. SHAPIRO
                                                    Deputy Branch Director

                                                     /s/ Jesse Z. Grauman
                                                    JESSE Z. GRAUMAN (Va. Bar No. 76782)
                                                    U.S. Department of Justice
                                                    Civil Division, Federal Programs Branch

                                                    Mailing Address:
                                                    Post Office Box 883
                                                    Washington, D.C.  20044

                                                    Courier Address:
                                                    20 Massachusetts Ave., N.W.
                                                    Washington, D.C. 20001

                                                    Telephone:     (202) 514-2849
                                                    Fax:           (202) 616-8460
                                                    Email:         jesse.z.grauman@usdoj.gov

                                                    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2010, I electronically filed this Answer through the

Court's CM/ECF system, which will send notification of such filing to the following individuals:

John Arthur Verdi
Electronic Private Information Center
1718 Connecticut Avenue, NW
Washington, DC  20009
Phone: (202) 483-1140
Email: verdi@epic.org

Marc Rotenberg
Electronic Private Information Center
1718 Connecticut Avenue, NW, Suite 200
Washington, DC 20009-1148
(202) 483-1140, ext 106
Email: rotenberg@epic.org

 /s/ Jesse Z. Grauman
Jesse Z. Grauman
Trial Attorney