## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY ) <br> INFORMATION CENTER ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> HOMELAND SECURITY, ) <br> ) <br>     Defendant. ) <br> ) | Civil Action No. 1:09cv2084 (RMU) |

## JOINT STATUS REPORT AND PROPOSED SCHEDULE

Pursuant to the Court's Minute Order on February 2, 2010, Plaintiff Electronic Privacy Information Center ("EPIC") and Defendant United States Department of Homeland Security ("DHS") have conferred and hereby jointly submit the following status report and proposed schedule to govern this action.

    1. Plaintiff filed this Freedom of Information Act ("FOIA") action on November 5, 2009. Defendant filed its Answer on January 15, 2010.

    2. This action concerns a FOIA request made by EPIC on April 14, 2009 concerning "whole body imaging" airport screening technology employed by DHS. Specifically, EPIC requested:

    a. all documents concerning the capability of passenger imaging technology to obscure, degrade, store, transmit, reproduce, retain, or delete images of individuals;

    b. all contracts that include provisions concerning the capability of passenger imaging technology to obscure, degrade, store, transmit, reproduce, retain, or delete images of individuals; and

   c. all instructions, policies, and/or procedures concerning the capability of passenger imaging technology to obscure, degrade, store, transmit, reproduce, retain, or delete images of individuals.

   3. Upon receipt, DHS referred Plaintiff's request to DHS's component, the Transportation Security Administration ("TSA").

   4. On or about May 4, 2009, the TSA FOIA officer, Kevin Janet, contacted John Verdi of EPIC to discuss the scope of EPIC's request to determine whether it could be narrowed.  Plaintiff and Defendant agreed that with respect to the second item in EPIC's request – "all contracts" for passenger imaging technology – TSA would focus its search to records that defined the scope of work, operational requirements and any subsequent modifications thereto.  By doing so, TSA eliminated a process wherein it would have to consider contractors' claims of confidential business information and potentially assert the FOIA exemption in 5 U.S.C. § 552(b)(4).

   5. As Defendant conceded in its Answer, as of the date this action was filed, DHS and TSA had not produced any documents in response to EPIC's request.  Answer ¶ 24.  However, on December 1, 2009, TSA produced a partial response, consisting of 286 pages, seven (7) of which TSA determined were only partially releasable pursuant to the FOIA exemptions in 5 U.S.C. §§ 552(b)(2)(low), (b)(2)(high), (b)(3), (b)(5), and (b)(6).  *Id.*

   6. TSA has informed EPIC that additional productions are forthcoming.  The first of these productions will occur on or before March 2, 2010.  The parties agree that Defendant will complete its search and produce all responsive documents that it asserts are not exempt from production under FOIA by April 15, 2010.

   7. Because this matter arises under FOIA, Local Rule 16.3(b)(9) exempts this suit from the requirements of Local Rule 16.3 and Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure.

8. The parties agree that after Defendant has issued its final document production, the issues that will remain to be resolved are Defendant's compliance with FOIA's requirements and Plaintiff's eligibility and entitlement to attorney's fees and litigation expenses. These issues can be resolved by motions, filed according to an agreed-upon briefing schedule. The parties propose that the Court enter the following schedule:

| | |
|---|---|
| Defendant's production of documents: | March 2, 2010<br>March 15, 2010<br>April 15, 2010 |
| Defendant's Motion for Summary Judgment: | May 27, 2010[1] |
| Plaintiff's Opposition and Cross-Motion: | June 28, 2010 |
| Defendant's Reply and Opposition: | July 12, 2010 |
| Plaintiff's Reply: | July 26, 2010 |

9. In the event the parties are able to resolve or further limit the issues before the Court, the parties will promptly inform the Court and propose any appropriate modifications to the schedule.

10. The parties also wish to notify the Court that another case pending in this Court, No. 1:10cv63 (CKK), is also a FOIA action between EPIC and DHS concerning documents about "whole body imaging" technology. That case stems from a second FOIA request made by EPIC on July 2, 2009. Because these actions are likely to raise substantially similar, if not identical, issues of fact and law, EPIC and DHS intend to file a joint motion to consolidate these cases shortly. In that motion, the parties will request that this proposed schedule govern both consolidated actions.

---

[1] Defendant will produce a <u>Vaughn</u> index with its summary judgment motion.

| | |
|---|---|
| Date: February 16, 2010 | Respectfully submitted, |
| */s/ John Verdi* | TONY WEST |
| John Verdi, Esquire (DC Bar # 495764) | Assistant Attorney General |
| Marc Rotenberg, Esquire (DC Bar # 422825) | |
| ELECTRONIC PRIVACY INFORMATION CENTER | CHANNING D. PHILLIPS |
| 1718 Connecticut Avenue, N.W. | Acting United States Attorney for the District of Columbia |
| Suite 200 | |
| Washington, D.C. 20009 | ELIZABETH J. SHAPIRO |
| (202) 483-1140 (telephone) | Deputy Branch Director |
| (202) 483-1248 (facsimile) | |
| verdi@epic.org (email) | */s/ Jesse Z. Grauman* |
| | JESSE Z. GRAUMAN (Va. Bar No. 76782) |
| Attorney for Plaintiff | U.S. Department of Justice |
| | Civil Division, Federal Programs Branch |

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Telephone:  (202) 514-2849
Fax:        (202) 616-8460
Email:      jesse.z.grauman@usdoj.gov

Attorneys for Defendant