**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                        )
ELECTRONIC PRIVACY                                      )
INFORMATION CENTER                                      )
                                                        )
    Plaintiff,                      )
    v.                              )    No. 1:09-cv-02084 (RMU)
                                                        )
UNITED STATES DEPARTMENT OF                             )
HOMELAND SECURITY                                       )
                                                        )
    Defendant.                      )
_____)

**PLAINTIFF'S MOTION FOR RECONSIDERATION**
**BASED ON INTERVENING CHANGE IN CONTROLLING LAW**

    Plaintiff the Electronic Privacy Information Center ("EPIC") hereby moves the Court for

reconsideration of its January 12, 2011 Memorandum Opinion ("Opinion"). Dkt. No. 25. The

Opinion held that agency records sought by EPIC under the Freedom of Information Act are

exempt from disclosure pursuant to "exemption 2-high." *Id*. at 1. On March 7, 2011, the U.S.

Supreme Court struck down "exemption 2-high." *Milner v. Navy*, No. 09-1163, slip op. at 19

(U.S. 2011).

    EPIC's counsel has discussed this motion with Defendant's counsel. Defendant opposes

the motion.

**Procedural Background**

    EPIC filed this case to force disclosure of agency records sought under the Freedom of

Information Act ("FOIA"). *See generally* EPIC Complaint, Dkt. No. 1. As a result of EPIC's

lawsuit, Defendant Department of Homeland Security ("DHS") disclosed more than 1,000 pages

of agency records. However, DHS withheld other agency records, including training materials concerning airport full body scanners and 2,000 images generated by full body scanners.

The agency alleged that its withholdings were proper under FOIA Exemption 3 and FOIA exemption 2-high. DHS Motion for Summary Judgment at 10-21, Dkt. No. 18. Exemption 2-high "protects predominantly internal documents, the disclosure of which would risk circumvention of agency statutes." Opinion at 7 (quoting *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1207 (D.C. Cir. 1992)). EPIC opposed DHS's motion and cross-moved for summary judgment, arguing that neither exemption applied. EPIC Cross-Motion for Summary Judgment at 5-16, Dkt. No. 19. EPIC noted that, at the time of the parties' cross-motions, the U.S. Supreme Court had granted certiorari in *Milner v. Navy*, indicating that the Court intended to revisit the propriety of exemption 2-high. EPIC Reply at 6-7, Dkt. No. 23.

This Court's January 12, 2011 memorandum opinion granted DHS's motion for summary judgment, holding: "because the withheld images fall within FOIA's exemption 2-high, the court grants DHS's motion for summary judgment and denies the plaintiff's cross-motion for summary judgment." Opinion at 1. The Opinion cites "exemption 2-high" as the sole basis for its ruling. *Id*. The Opinion also ordered additional briefing on the issue of EPIC's claim to recover attorneys' fees and costs from DHS. Opinion at 5 n5. The parties briefed the fees issue, and EPIC's Motion for Fees remains pending. Final judgment has not been entered in this matter.

## Intervening Change in Controlling Law

On March 7, 2011, The Supreme Court struck down exemption 2-high in *Milner v. Navy*. No. 09-1163, slip op. at 17. (holding exemption 2-high "in fact has no basis in the text, context, or purpose of FOIA, and we accordingly reject it."). *Milner* holds that FOIA Exemption 2 "encompasses only records relating to issues of employee relations and human resources" –

exemption 2-low – but does not authorize withholding internal documents that risk

circumvention of agency statutes – exemption 2-high. *Id*. at 19. The Court "acknowledge[d] that

our decision today upsets three decades of agency practice relying on [exemption 2-high]." *Id*. at

18.

**Standard**

"Rule 54(b) governs reconsideration of orders that do not constitute final judgments in a

case." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) (*citing Campbell v. United*

*States Dep't of Justice,* 231 F.Supp.2d 1, 6 n. 8 (D.D.C. 2002)); *Moore v. Hartman,* 332

F.Supp.2d 252, 256 (D.D.C. 2004). Rule 54(b) states:

> any order or other form of decision, however designated, which adjudicates fewer
> than all the claims or the rights and liabilities of fewer than all the parties ... is
> subject to revision at any time before the entry of judgment adjudicating all the
> claims and the rights and liabilities of all the parties."

Fed. R. Civ. P. 54(b). In the D.C. Circuit "Rule 54(b) reconsideration may be granted 'as

justice requires.'" *Cobell*, 355 F. Supp. 2d at 539. Courts routinely grant motions for

reconsideration when confronted by an intervening change in controlling authority. *E.g.*

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990);

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).

"[S]o long as [the] district court has jurisdiction over an action, it has complete power

over interlocutory orders therein and may revise them when consonant with equity." *Schoen v.*

*Washington Post,* 246 F.2d 670, 673 (D.C. Cir. 1957); *see also Langevine v. Dist. of Columbia*,

106 F.3d 1018, 1023 (D.C. Cir. 1997) (holding "[i]nterlocutory orders are not subject to the law

of the case doctrine and may always be reconsidered prior to final judgment."). "Motions to

reconsider interlocutory orders – in contrast to motions for reconsideration of final judgments –

are within the discretion of the trial court, subject to appellate review under the abuse of

3

discretion standard." *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000) (Urbina, J.) (*citing United Mine Workers v. Pittston Co.,* 793 F.Supp. 339, 344-45 (D.D.C. 1992), *aff'd,* 984 F.2d 469 (D.C. Cir. 1993)).

**Argument**

The Court granted DHS's summary judgment motion solely on the basis of the agency's assertion of exemption 2-high. Opinion at 1, 12. In *Milner v. Navy*, the U.S. Supreme Court unambiguously struck down exemption 2-high. *Milner v. Navy*, No. 09-1163, slip op. at 19. *Milner* therefore constitutes an intervening change in controlling law, requiring district courts to reject all agency assertions of exemption 2-high.

Rule 54(b) governs motions for reconsideration prior to entry of final judgment. *Cobell*, 355 F. Supp. 2d at 539. Because final judgment has not been entered in this case, Rule 54(b) permits the Court to grant EPIC's motion for reconsideration "as justice requires." *Id*. Based on the intervening change in controlling law set forth in *Milner*, justice requires the Court to reconsider its summary judgment determination in this case. Indeed, courts routinely grant motions for reconsideration when confronted by an intervening change in controlling authority. *E.g. Bank of Waunakee*, 906 F.2d at 1191; *Shrader,* 70 F.3d at 257.

**Relief Requested**

EPIC moves the Court to reconsider its January 12, 2011 Memorandum Opinion granting Defendant's motion for summary judgment and denying EPIC's motion for summary judgment. EPIC asks the Court to vacate the January 12, 2011 opinion and order, deny DHS's motion for summary judgment, grant EPIC's motion for summary judgment, and order DHS to disclose (within 7 days) the training materials and 2,000 body scanner images responsive to EPIC's FOIA request.

Respectfully submitted,


_____ */s/ John Verdi*_____

MARC ROTENBERG
JOHN VERDI
Electronic Privacy Information Center
1718 Connecticut Ave. NW
Suite 200
Washington, DC 20009
(202) 483-1140
*Counsel for Plaintiff*

Dated: March 24, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March 2011, I served the foregoing PLAINTIFF'S

MOTION FOR RECONSIDERATION BASED ON INTERVENING CHANGE IN

CONTROLLING LAW, including all exhibits and attachments, by electronic case filing upon:

> JESSE Z. GRAUMAN
> U.S. Department of Justice
> Civil Division, Federal Programs Branch


_____*/s/ John Verdi*_____
John Verdi
*Counsel for Plaintiff*